UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S LONGSHORE,

    Plaintiff,

v.

MASON COUNTY, et al.,

    Defendant.

CASE NO. 3:19-CV-05844-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: October 25, 2019

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court Plaintiff Charles S. Longshore's Motion to Voluntarily Dismiss the Complaint. Dkt. 6. After review of the record, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied as moot.

**BACKGROUND**

On September 11, 2019, Plaintiff initiated this lawsuit. *See* Dkt. 1. The Court has not reviewed Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* or screened the Complaint pursuant to 28 U.S.C. § 1915A. As such, Plaintiff's Complaint has not been served.

**DISCUSSION**

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

The Court has not directed service of the Complaint in this case. Therefore, Plaintiff requested leave to dismiss this case prior to any defendant filing an answer or summary judgment motion. The Court also finds Plaintiff has not previously dismissed an action based on the same claim. Therefore, dismissal pursuant to Rule 41(a)(1) is proper.

Plaintiff requests dismissal of this case only if his Motion for Leave to Proceed *In Forma Pauperis* had not yet been granted. *See* Dkt. 6. Plaintiff would like to pursue this case if he is required to pay the full filing fee. *Id*. As the Court has not granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, the Court finds Plaintiff's Complaint should be dismissed and finds Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* should be denied as moot.

**CONCLUSION**

For the foregoing reasons, the Court recommends the Complaint be dismissed without prejudice and the Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1) be denied as moot. The Court also finds this case does not constitute a strike under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 25, 2019, as noted in the caption.

Dated this 9th day of October, 2019.

David W. Christel
United States Magistrate Judge